IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL WHALEY, ID # 645333, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:09-CV-0656-K (BH) |
| | ) | |
| JOHN VANCE, et al., | ) | Referred to U.S. Magistrate Judge |
| Defendants. | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred to the United States Magistrate Judge for pretrial management, including findings, conclusions, and recommendation.

## I.  BACKGROUND

Plaintiff, a prisoner currently incarcerated in the Texas prison system, brings this action under 42 U.S.C. § 1983 against three Dallas County district attorneys and a Dallas County Judge. (Compl. at 1; Answers to Questions 1 and 2 of Magistrate Judge's Questionnaire (MJQ).[1])  He sues defendants based on their roles in his guilty plea and conviction.  (Answer to Question 3 of MJQ.) As relief, he seeks to present additional evidence and testimony with respect to his felony charge that led to his conviction over twelve years ago in Cause No. 91-45041.  (Answer to Question 4 of MJQ.)  No process has been issued in this case.

## II.  PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*.  As a prisoner seeking redress from officers or employees of a governmental entity, his complaint is subject to

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint.  *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. SECTION 1983

Plaintiff seeks relief under 42 U.S.C. § 1983 for acts and omissions by three county district attorneys and a county judge related to his state conviction. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

As relief for the alleged actions of defendants, Plaintiff seeks to present additional evidence with respect to a state criminal conviction. This relief is not available through a § 1983 action.[2] *Cf. Wolff v. McDonnell*, 418 U.S. 539, 554 (1974) (holding that release from imprisonment is an inappropriate remedy in a § 1983 action); *Williams v. Davis*, No. 3:09-CV-0296-B, 2009 WL 928318, at *2

---

[2] Plaintiff has clearly expressed his desire to proceed under § 1983 rather than 28 U.S.C. § 2254 (*see* Answer to Question 1 of MJQ), and he has separately challenged his state conviction pursuant to § 2254, *see Whaley v. Quarterman*, No. 3:09-CV-0548-B (N.D. Tex. filed Mar. 23, 2009).

(N.D. Tex. Apr. 6, 2009) (accepting recommendation of Mag. J. which found that "acquittal of a conviction is not an appropriate § 1983 remedy").  Because Plaintiff seeks no appropriate relief in this civil action, he has stated no plausible claim upon which the sought relief may be granted. Consequently, his complaint should be summarily dismissed.

Even if Plaintiff had sought appropriate relief, this action would be subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994) because success on his claims would necessarily invalidate his state conviction and he has not demonstrated that such conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.  *See* 512 U.S. at 486-87.  Claims that fall under the rule announced in *Heck* have no basis in law and would be subject to dismissal as frivolous.  *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).  The Court may bypass the potential *Heck* bar so as to address issues that are appropriate for early and final determination, however.  *See Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998) (when an action raises an issue of immunity, the court to the extent it is feasible to do so should determine that issue as early in the proceedings as possible); *Smithback v. Cockrell*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *2 (N.D. Tex. June 3, 2002) (accepting recommendation that "[w]hen a plaintiff seeks relief unavailable under 42 U.S.C. § 1983 or sues individuals or entities who are not proper parties under § 1983, it also seems appropriate to have an early determination of those issues").

In this case, the named defendants enjoy absolute immunity from damages for actions taken as judge or prosecutor.  *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (holding that state judges are immune from suit for damages resulting from any judicial act unless performed in "the clear absence

of all jurisdiction"); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (holding that prosecutors enjoy absolute immunity to initiate and pursue criminal prosecutions).  Plaintiff makes no allegation that any judge acted without jurisdiction or that the defendant district attorneys acted other than in their adjudicative role as prosecutors.  This action therefore entitles Plaintiff to no relief even had he sought appropriate relief under § 1983.

## IV.  RECOMMENDATION

The District Court should summarily **DISMISS** Plaintiff's complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  The dismissal of this action will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[3]

**SIGNED this 29th day of April, 2009.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3]  Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE